```
————— FILED ————— ENTERED
————— LODGED ————— RECEIVED

        APR 0 2 2003    KN
            AT SEATTLE
        CLERK U.S. DISTRICT COURT
BY   WESTERN DISTRICT OF WASHINGTON
                            DEPUTY
```

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

8
9
10

DIRECTV, Inc , a California corporation,

     Plaintiff,

     v

11
12
13
14
15

ZOLTAN FARKAS, OMAR FERNANDEZ, LELAND FOX, GARY GRAHAM, GEORGE M GRAHAM, RICHARD GRAHAM, JAMES E GREEN, RONALD GRIFFIN, CANDI HANSEN, ERIC HANSON,

16

     Defendants

No **C03- 768**

**COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND FOR INJUNCTIVE RELIEF**



CV 03-768 #1

17
18

Plaintiff DIRECTV, Inc , through its attorneys, alleges as follows

19

## INTRODUCTION

20    1    Plaintiff DIRECTV is the nation's leading direct broadcast satellite system,

21 delivering over 225 channels of television and other programming to more than 10 million

22 homes and businesses in the United States  DIRECTV's television programming currently

23 includes major cable networks, studio movies and special events programming, as well as a

24 variety of sports and other special interests programming  DIRECTV, a California

25 company, has invested more than $1 25 billion to develop its direct broadcast satellite

26 system

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 1

**YARMUTH WILSDON CALFO PLLC**
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101 3000
T 206 516 3800  F 206 516 3888

ORIGINAL

1    2    DIRECTV encrypts – electronically scrambles – its satellite transmissions to

2    provide security for and prevent unauthorized viewing of its satellite television

3    programming  DIRECTV offers its television programming to residential and business

4    customers on a subscription and pay-per-view basis only  Each customer is required to

5    obtain a DIRECTV Access Card and other system hardware (including a small satellite

6    dish) and create an account with DIRECTV  Upon activation of the Access Card by

7    DIRECTV, the customer can receive and view in a decrypted format (i e , unscrambled)

8    those channels to which the customer has subscribed or otherwise made arrangement to

9    purchase from DIRECTV.

10    3    DIRECTV executed several Writs of Seizure, with the assistance of local

11    law enforcement, including one on or about December 11, 2001, upon USA Card Cleaners

12    and on or about May 25, 2001 upon a mail shipping facility used by several major sources

13    of pirate technologies including Vector Technologies, DSS-Stuff, DSSPro, DSS-Hangout,

14    White Viper Technologies, Meadco, PCEase, Intertek Technologies Technologies, Shutt,

15    Inc , and Canadian Security and Technology  During and subsequent to the raids,

16    DIRECTV came into possession of a substantial body of sales records, shipping records,

17    email communications, credit card receipts and other records  Those records evidence

18    defendants' purchases of illegal Pirate Access Devices  In reliance upon those records and

19    other information, and upon information and belief, DIRECTV sets forth the allegations

20    and this complaint

21    4    Each defendant is a resident of this District  DIRECTV alleges that

22    defendants have purchased and used illegally modified DIRECTV Access Cards and other

23    devices ("Pirate Access Devices") that are designed to permit viewing of DIRECTV's

24    television programming without authorization by or payment to DIRECTV

25    5    Defendants' actions violate the Federal Communications Act of 1934, as

26    amended, 47 U S C  § 605, the Electronic Communications Privacy Act ("Federal Wiretap

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 2

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101 3000
T 206 516 3800  F 206 516 3888

1    Laws"), 18 U S C §§ 2510-2521, Theft of Subscription Television Services, RCW

2    9A 56 220 to 240, and Washington common law   DIRECTV brings this action to restrain

3    these illegal activities against it

## PARTIES

5    6    Plaintiff DIRECTV, Inc is a corporation duly incorporated under the laws

6    of the State of California   DIRECTV has significant interests in maintaining and securing

7    the integrity of its satellite transmissions of television programming, and in prohibiting the

8    unauthorized reception and use of the same

9    7    Defendant Zoltan Farkas is a resident of Kent, Washington   Upon

10   information and belief, beginning in or about July 2000, defendant Farkas purchased one

11   or more Pirate Access Devices from Shutt, Inc   Defendant placed each order by using

12   interstate or foreign wire facilities, and received his orders via the Postal Service or

13   commercial mail carriers   Specifically, these illegal purchases included the following

14   transaction

15       (a)    On or about July 25, 2000, defendant Farkas purchased a Pirate

16   Access Device, consisting of a printed circuit board device called an "Unlooper," from

17   Shutt, Inc   The device was shipped to defendant Farkas at his address in Kent,

18   Washington.

19   8    Defendant Omar Fernandez is a resident of Oak Harbor, Washington

20   Upon information and belief, beginning in or about April 2001, defendant Fernandez

21   purchased three or more Pirate Access Devices from Vector Technologies   Defendant

22   placed each order by using interstate or foreign wire facilities, and received his orders via

23   the Postal Service or commercial mail carriers   Specifically, these illegal purchases

24   included the following transaction

25       (a)    On or about April 20, 2001, defendant Fernandez purchased three

26   Pirate Access Devices, consisting of a printed circuit board device called an "Unlooper,"

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 3

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

1    a printed circuit board device called an "Emulator," and a programmer specifically

2    designed to illegally modify DIRECTV Access Cards, from Vector Technologies  The

3    devices were shipped to defendant Fernandez at his address in Oak Harbor, Washington

4         9       Defendant Leland Fox is a resident of Auburn, Washington   Upon

5    information and belief, beginning in or about May 2001, defendant Fox purchased one or

6    more Pirate Access Devices from DSS-Stuff  Defendant placed each order by using

7    interstate or foreign wire facilities, and received his orders via the Postal Service or

8    commercial mail carriers  Specifically, these illegal purchases included the following

9    transaction

10        (a)      On or about May 14, 2001, defendant Fox purchased a Pirate

11   Access Device, consisting of a printed circuit board device called an "Unlooper," from

12   DSS-Stuff  The device was shipped to defendant Fox at his address in Auburn,

13   Washington

14        10       Defendant Gary Graham is a resident of Auburn, Washington   Upon

15   information and belief, beginning in or about April 2001, defendant Graham purchased

16   one or more Pirate Access Devices from Vector Technologies.  Defendant placed each

17   order by using interstate or foreign wire facilities, and received his orders via the Postal

18   Service or commercial mail carriers  Specifically, these illegal purchases included the

19   following transaction

20        (a)      On or about April 13, 2001, defendant Graham purchased a Pirate

21   Access Device, consisting of a printed circuit board device called an "Unlooper," from

22   Vector Technologies  The device was shipped to defendant Graham at his address in

23   Auburn, Washington

24        11       Defendant George M  Graham is a resident of Bellevue, Washington

25   Upon information and belief, beginning in or about April 2001, defendant Graham

26   purchased one or more Pirate Access Devices from Vector Technologies  Defendant

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 4

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101 3000
T 206 516 3800  F 206 516 3888

1   placed each order by using interstate or foreign wire facilities, and received his orders via

2   the Postal Service or commercial mail carriers. Specifically, these illegal purchases

3   included the following transaction

4               (a)        On or about April 13, 2001, defendant Graham purchased a Pirate

5   Access Device, consisting of a printed circuit board device called an "Unlooper," from

6   Vector Technologies   The device was shipped to defendant Graham at his address in

7   Bellevue, Washington

8          12      Defendant Richard Graham is a resident of Seattle, Washington   Upon

9   information and belief, beginning in or about April 2001, defendant Graham purchased

10   one or more Pirate Access Devices from Vector Technologies   Defendant placed each

11   order by using interstate or foreign wire facilities, and received his orders via the Postal

12   Service or commercial mail carriers   Specifically, these illegal purchases included the

13   following transaction

14              (a)        On or about April 26, 2001, defendant Graham purchased a Pirate

15   Access Device, consisting of a printed circuit board device called an "Unlooper," from

16   Vector Technologies   The device was shipped to defendant Graham at his address in

17   Seattle, Washington

18          13      Defendant Ronald Griffin is a resident of Lynnwood, Washington   Upon

19   information and belief, beginning in or about April 2001, defendant Griffin purchased

20   two or more Pirate Access Devices from Intertek Technologies   Defendant placed each

21   order by using interstate or foreign wire facilities, and received his orders via the Postal

22   Service or commercial mail carriers   Specifically, these illegal purchases included the

23   following transaction:

24              (a)        On or about April 9, 2001, defendant Griffin purchased two Pirate

25   Access Devices, consisting of a printed circuit board device called an "Unlooper" and a

26

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 5

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101 3000
T 206 516 3800  F 206 516 3888

1   printed circuit board device called an "Emulator," from Intertek Technologies  The

2   devices were shipped to defendant Griffin at his address in Lynnwood, Washington

3          14     Defendant James E  Green is a resident of Everett, Washington   Upon

4   information and belief, beginning in or about August 2000, defendant Green purchased

5   one or more Pirate Access Devices from Shutt, Inc.  Defendant placed each order by

6   using interstate or foreign wire facilities, and received his orders via the Postal Service or

7   commercial mail carriers  Specifically, these illegal purchases included the following

8   transaction

9                 (a)     On or about August 14, 2000, defendant Green purchased a Pirate

10  Access Device, consisting of a printed circuit board device called an "Unlooper," from

11  Shutt, Inc   The device was shipped to defendant Green at his address in Everett,

12  Washington.

13         15     Defendant Candi Hansen is a resident of Kent, Washington   Upon

14  information and belief, beginning in or about April 2001, defendant Hansen purchased

15  one or more Pirate Access Devices from Canadian Security and Technology   Defendant

16  placed each order by using interstate or foreign wire facilities, and received his orders via

17  the Postal Service or commercial mail carriers   Specifically, these illegal purchases

18  included the following transaction

19                (a)     On or about December April 27, 2001, defendant Hansen purchased

20  a Pirate Access Device, consisting of a printed circuit board device called an "Unlooper,"

21  from Canadian Security and Technology   The device was shipped to defendant Hansen at

22  her address in Kent, Washington.

23         16     Defendant Eric Hanson is a resident of Lynnwood, Washington   Upon

24  information and belief, beginning in or about April 2001, defendant Hanson purchased

25  three or more Pirate Access Devices from Vector Technologies   Defendant placed each

26  order by using interstate or foreign wire facilities, and received his orders via the Postal

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 6

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101 3000
T 206 516 3800  F 206 516 3888

1  Service or commercial mail carriers   Specifically, these illegal purchases included the
2  following transaction

3          (a)      On or about April 30, 2001, defendant Hanson purchased three
4  Pirate Access Devices, consisting of a printed circuit board device called an "Unlooper,"
5  a printed circuit board device called an "Emulator," and a programmer specifically
6  designed to illegally modify DIRECTV Access Cards, from Vector Technologies  The
7  devices were shipped to defendant Hanson at his address in Lynnwood, Washington

## JURISDICTION AND VENUE

9      17      This action arises under the Federal Communications Act of 1934, as
10  amended, 47 U.S C  § 605, the Electronic Communications Privacy Act ("Federal Wiretap
11  Laws"), 18 U S C. §§ 2510-2521, Theft of Subscription Television Services, RCW
12  9A 56 220 to  240, and Washington common law

13      18      This Court has original jurisdiction pursuant to 28 U.S C  §§ 1331 and 1338
14  (a), 47 U S C  § 605(e)(3)(A) and 18 U S C  § 2520(a), and has supplemental jurisdiction
15  pursuant to 28 U S C  § 1367(a) over the state law claims asserted herein

16      19      Each defendant is a resident of this District   Personal jurisdiction and
17  venue are proper in this District pursuant to 28 U S.C. § 1391(b)

## FIRST CLAIM

## UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS

## IN VIOLATION 47 U.S.C. § 605(a)

21      20      Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1
22  through 19 as if set forth fully herein

23      21      Defendants have received and/or assisted others in receiving DIRECTV's
24  satellite transmissions of television programming without authorization, in violation of 47
25  U S.C  § 605(a)

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 7

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

1      22 Defendants' violations have injured and will continue to injure DIRECTV

2    by depriving DIRECTV of subscription and pay-per-view revenues and other valuable

3    consideration, compromising DIRECTV's security and accounting systems, infringing

4    DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's

5    contractual and prospective business relations.

6      23 Defendants knew or should have known that receiving and assisting third

7    persons in receiving DIRECTV's satellite transmissions of television programming

8    without authorization by or payment to DIRECTV was and is illegal and prohibited

9    Such violations have caused and will continue to cause DIRECTV irreparable harm, and

10   DIRECTV has no adequate remedy at law to redress any such continued violations

11   Unless restrained by this Court, defendants will continue to violate 47 U S C  § 605(a)

12   **SECOND CLAIM**

13   **UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS**

14   **IN VIOLATION OF 18 U.S.C. § 2511(1)(a)**

15     24. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1

16   through 23 as if set forth fully herein

17     25 By using Pirate Access Devices to decrypt and view DIRECTV's satellite

18   transmissions of television programming, defendants intentionally intercepted, endeavored

19   to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's

20   satellite transmission of television programming, in violation of 18 U S C  §2511(1)(a)

21     26 Defendant's violations have injured and will continue to injure DIRECTV

22   by depriving DIRECTV of subscription and pay-per-view revenues and other valuable

23   consideration, compromising DIRECTV's security and accounting systems, infringing

24   DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's

25   contractual and prospective business relations.

26

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 8

**YARMUTH WILSDON CALFO PLLC**
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

1    27    Defendants knew or should have known that such interception of

2    DIRECTV's satellite transmissions of television programming was and is illegal and

3    prohibited    Such violations have caused and will continue to cause DIRECTV irreparable

4    harm, and DIRECTV has no adequate remedy at law to redress any such continued

5    violations    Unless restrained by this Court, defendants will continue to violate 18 U S C

6    § 2511(1)(a)

7                                            **THIRD CLAIM**

8                          **POSSESSION OF PIRATE ACCESS DEVICES**

9                          **IN VIOLATION OF 18 U.S.C. 2512(1)(b)**

10    28    Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1

11    through 27 as if set forth fully herein

12    29.    Defendants possessed and used Pirate Access Devices, knowing or having

13    reason to know that the design of such devices render them primarily useful for the

14    purpose of surreptitious interception of DIRECTV's satellite transmissions of television

15    programming, and that such devices, or any components thereof, have been or will be

16    sent through the mail or transported in interstate or foreign commerce, in violation of 18

17    U S C  § 2512(1)(b)

18    30    Defendants' violations have injured and will continue to injure DIRECTV

19    by depriving DIRECTV of subscription and pay-per-view revenues and other valuable

20    consideration, compromising DIRECTV's security and accounting systems, infringing

21    DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's

22    contractual and prospective business relations

23    31    Defendants knew or should have known that possessing Pirate Access

24    Devices was and is illegal and prohibited    Such violations have caused and will continue

25    to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to

26

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 9

**YARMUTH WILSDON CALFO PLLC**
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101 3000
T 206 516 3800  F 206 516 3888

1    redress any such continued violations   Unless restrained by this Court, defendants will

2    continue to violate 18 U S C  § 2512(1)(b)

3                                   **FOURTH CLAIM**

4                **THEFT OF SUBSCRIPTION TELEVISION SERVICES**

5                      **IN VIOLATION OF RCW 9A.56.220**

6           32     Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1

7    through 31 as if set forth fully herein

8           33     Defendants have used Pirate Access Devices to decrypt and view

9    DIRECTV's satellite transmissions of television programming, with intent to avoid

10   payment of the lawful charges therefor, by trick, artifice, deception, use of a device or

11   decoder, and other fraudulent means, without authority from DIRECTV, in violation of

12   RCW 9A 56 220

13          34     Defendants have possessed Pirate Access Devices, with intent to avoid

14   payment to DIRECTV of the lawful charges for its programming, that are designed in

15   whole or in part to receive subscription television services offered for sale by DIRECTV,

16   without authority of DIRECTV

17          35     Defendants' violations have injured and will continue to injure DIRECTV

18   by depriving DIRECTV of subscription and pay-per-view revenues and other valuable

19   consideration, compromising DIRECTV's security and accounting systems, infringing

20   DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's

21   contractual and prospective business relations

22          36     Defendants knew or should have known that theft of subscription television

23   services was and is illegal and prohibited   Such violations have caused and will continue

24   to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to

25   redress any such continued violations   Unless restrained by this Court, defendants will

26   continue to violate RCW 9A 56 220

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 10

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101 3000
T 206 516 3800  F 206 516 3888

1

**PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiff DIRECTV requests that this Court grant the following

3 relief

4      (1)     Find the defendants' conduct in importing, possessing and using Pirate

5 Access Devices violates 47 U S C  § 605(a), 18 U S C  §§ 2511(1)(a) and 2512(1)(b),

6 and RCW 9A 56 220, and Washington common law, and further find that defendants'

7 violations were willful, malicious or for a tortious or illegal purpose,

8      (2)     In accordance with 47 U S C. § 605(e)(3)(B)(i), 18 U S C  § 2520(b)(1)

9 and RCW 9A 56 250(4), enjoin and restrain defendants, and persons controlled directly

10 and indirectly by defendants, from importing, possessing, or using Pirate Access Devices,

11 and further order defendants to surrender all Pirate Access Devices,

12      (3)     In the event of a default, in accordance with 18 U S.C § 2520(c)(2)(B) and

13 18 U S.C  § 2511, an award of statutory damages of $10,000 for each violation of 18

14 U S C  § 2511(a)(2) alleged herein, and a further award of DIRECTV's reasonable

15 attorneys' fees and costs in the amount of $850,

16      (4)     In the event of trial, an award of either (a) statutory damages in accordance

17 with 47 U S C  § 605(e)(3)(C)(i)(II), 18 U S C  § 2520(c)(2), and RCW 9A 56 250(2) or

18 (b) compensatory and punitive damages in accordance with 605(e)(3)(C)(i)(I), 18 U S C

19 § 2520(c)(2), RCW 9A 56 250(3) and Washington common law, and DIRECTV's

20 reasonable attorneys' fees and costs in accordance with 47 U S C  § 605(e)(3)(B)(iii), 18

21 U S C  § 2520(b)(3) and RCW 9A 56.250(2),

22 \\\

23 \\\

24 \\\

25 \\\

26 \\\

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 11

**YARMUTH WILSDON CALFO PLLC**
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

1    (5)    For such additional relief as the Court deems just and equitable

2    Dated  April ____|____, 2003

3

4                                      YARMUTH WILSDON CALFO PLLC

5

6                              By. _____

7                                      Gurjit Pandher, WSBA #28242
                                       Spencer D  Freeman, WSBA #25069
8                                      Attorneys for Plaintiff DIRECTV, Inc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR COMPENSATORY, STATUTORY        YARMUTH WILSDON CALFO PLLC
AND OTHER DAMAGES, AND FOR INJUNCTIVE               3080 WASHINGTON MUTUAL TOWER
RELIEF – Page 12                                            1201 THIRD AVENUE
                                                     SEATTLE WASHINGTON 98101 3000
                                                     T 206 516 3800  F 206 516 3888

009 32 db101402 3/27/03

JS 44
(Rev 3/99)

# CIVIL COVER SHEET

C03 - 768L

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

**I  (a)  PLAINTIFFS**

DIRECTV, Inc , a California corporation

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U S  PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
YARMUTH WILSDON CALFO PLLC
1201 Third Avenue, Suite 3080
Seattle, WA  98101-3000        (206) 516-3800

**DEFENDANTS**
Zoltan Farkas, et al

County of Residence of First Listed Defendant _____ King
(IN U S  PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED

Attorneys (If Known)        KN

ENTERED
FILED          RECEIVED
LODGED
APR 0 2 2003
AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

**II  BASIS OF JURISDICTION**   (Place an  X  in One Box Only)

| | |
|---|---|
| ☐ 1  U S  Government Plaintiff | ☑ 3  Federal Question (U S  Government Not a Party) |
| ☐ 2  U S  Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

**III  CITIZENSHIP OF PRINCIPAL PARTIES** (Place an  X  in One Box for Plaintiff
(For Diversity Cases Only)                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV  NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of | Liability Product Liability / ☐ 320 Assault Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Slander | ☐ 640 R R  & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans(Excl  Veterans) | ☐ 330 Federal Employers Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders  Suits | **PERSONAL PROPERTY** | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | | |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt  Relations | ☐ 863 DIWC/DIWW  (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 730 Labor/Mgmt  Reporting & Disclosure Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | **Habeas Corpus** | | ☐ 870 Taxes (U S  Plaintiff or Defendant) | ☑ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 530 General | ☐ 790 Other Labor Litigation | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | | ☐ 871 IRS   Third Party 26 USC 7609 | |
| | ☐ 540 Mandamus & Other | ☐ 791 Empl  Ret  Inc Security Act | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V  ORIGIN**   (PLACE AN  X  IN ONE BOX ONLY)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI  CAUSE OF ACTION**   (Cite the U S  Civil Statute under which you are filing and write brief statement of cause  Do not cite jurisdictional statutes unless diversity )

Violations of 47 USC Sec  605, 18 USC Sec  2510-2512
Cause of action for piracy of satellite television transmissions

**VII  REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P  23   DEMAND $   CHECK YES only if demanded in complaint.
JURY DEMAND  ☐ Yes  ☑ No

**VIII  RELATED CASE(S)**   (See Instructions)

DATE  April 1, 2003        SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG_____

ORIGINAL